UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Christine Kinkade** individually and on behalf of all others similarly situated<br><br>**Plaintiff,**<br><br>v.<br><br>**Credit Control, LLC and Equable Ascent Financial, LLC**<br><br>**Defendant.** | )<br>)<br>)<br>)   No. 11 CV 5283<br>)   (ADS) (AKT)<br>)<br>)        **AMENDED**<br>)    **CLASS ACTION**<br>)      **COMPLAINT**<br>)<br>)   **JURY DEMANDED** |

**Class Action  Complaint for Violations of the Fair Debt Collection Practices Act**

**Introduction**

1. Plaintiff  Christine Kinkade  ("Plaintiff" or "Kinkade") files this Complaint seeking redress for the illegal practices of Defendants, in connection with the collection of a debt allegedly owed by the consumer in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

**Parties**

2. Plaintiff Chirsitine Kinkade is a citizen of New York State who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

1

4. The alleged debt of Plaintiff is a "debt" as defined by 15 USC 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was for a credit card used for the purchase of household and personal products, no part of which was incurred for business related items or services of any nature.

5. Defendant Credit Control, LLC (hereinafter "Credit Control") is a limited liability company which is regularly engaged in the collection of debts allegedly due to others. The principal purpose of defendant is the collection of debts using the mails and telephone, and defendant regularly attempts to collect debts alleged to be due another.

6. Defendant Equable Ascent Financial, LLC (hereinafter "Equable"), is a limited liability company which is regularly engaged in the collection of debts allegedly due to others. The principal purpose of defendant is the collection of debts using the mails and telephone, and defendant regularly attempts to collect debts alleged to be due another. Equable is a debt buyer who purchases defaulted debt and then tries to collect them for a profit.

7. Defendants are "debt collectors," as defined by FDCPA § 1692a(6).

**Jurisdiction and Venue**

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

10. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

11. Venue is also proper in this district since Defendant transact business in this district.

**Factual Allegations**

12.  Plaintiff had a credit card issued by GE Money Bank.

13. Plaintiff was not able to pay the balance due on the credit card, and defaulted in the payment of the credit card. (the debt)

14. At some point after the Plaintiff's default, Defendant Equable purchased the right to collect the debt from Plaintiff. Equable utilized the services of defendant Credit Control to help collect the debt.

15. Plaintiff has never had any relationship of any nature with either of the Defendants other than the Defendants' attempts to collect the debt.

16. On or about July 22, 2011 Defendants sent an initial letter to Plaintiff, a copy of which is attached as <u>Exhibit A</u>, in an attempt to collect the debt. The full content of Exhibit A is incorporated herein. Plaintiff received Exhibit A.

17. On or about July 22, 2011 Defendants sent to Plaintiff the document attach Exhibit B hereto. The full content of Exhibit B is incorporated herein.  Plaintiff received Exhibit B.

19. Exhibit A and Exhibit B were sent in the same envelope.

20. The envelope that contained Exhibits A and B contained no other documents.

21. Exhibit B falsely informs the Plaintiff that the Defendants are permitted to share non-public information about the Plaintiff with others. Specifically, Exhibit B informs Plaintiff that the Defendants compile the following information about the Plaintiff:

> *1.  Information we received from companies that sold us your account (for example, applications and other related forms);*
>
> *2. Information about your transactions with us, our affiliates, or others; and*
>
> *3. Information we received from a consumer-reporting agency.*

Exhibit B then informs the Plaintiff that the Defendants can share "all" of this information with any non-affiliated company.

22. Exhibit B contains objectively false statements about the Plaintiff's privacy rights under the Fair Debt Collection Practices Act (15 USC 1692 et seq), and the Fair Credit Reporting Act (FCRA), 15 USC 1692b, in that the FDCPA and FCRA prohibit the communications and disclosures that the Defendants indicated they are permitted to make.

23. Exhibit B indicates that the Defendants have compiled information from the Plaintiff's credit applications and credit report. Such information would include Plaintiff's account balance transaction history, social security number, payment history, and assets. Exhibit B indicates that the Defendants are permitted to share "all" of this information with any company it chooses. Exhibit B also gives some examples of the illegal communications and disclosures it plans to make. The communications and disclosures identified in these specific examples are also illegal, as the Defendants are not permitted to engage in such communications and disclosures.

24. The FDCPA prohibits debt collectors from disclosing any information about consumers except under very limited circumstances. The FCRA prohibits accessing and using a consumer's credit report except under very limited circumstances.

25. Exhibit B can be read by the least sophisticated consumer as a threat to disclose Plaintiff's person account information to third parties in direct violation of the FDCPA and the FCRA. As this is not permitted under these statutes, Defendant's statements are false and deceptive. The natural impact of Exhibit B upon the least sophisticated consumer would be that the consumer would believe that the Defendant intended to make the disclosures referenced therein. As the Defendants are not permitted to make such disclosures, Exhibit B contains false statements.

26. Exhibit B can be read by the least sophisticated consumer as a threat by Defendants to communicate with third parties about the consumer. As this is not permitted under the FDCPA and/or the FCRA, Defendant's statements are false and deceptive.

27. Exhibit B can be read by the least sophisticated consumer as a threat by Defendants to inform the consumer's employer that the consumer owes a debt. Exhibit B indicates that Defendants are permitted to communicate "all" of a consumer's financial information to any company. Exhibit B thus informs the least sophisticated consumer that Defendants are permitted to report the consumer's financial status to whatever company the consumer works for. As this is not permitted under the FDCPA, Defendant's statements are false and deceptive.

28. Neither Exhibit A nor Exhibit B identifies Defendant Equable as a debt collector as is required by 15 USC 1692e(11).

29. Exhibit B does not provide any of the notices required by 15 USC 1692e(11).

30. Exhibit B falsely informs the Plaintiff as to his rights under the FDCPA.

3a. Exhibit B violates the FDCPA of 15 USC 1692e, 15 USC 1692e(5); 15 USC 1692e(10), and 15 USC 1692e(11).

32. Exhibit B is a form letter.

33. Upon information and belief, Defendant sent form letters containing language substantially similar or materially identical to that contained in Exhibit B to hundreds of consumers in New York.

34. Collection letters, such as Exhibit A and Exhibit B, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer." (*Russell v. Equifax A.R.S.*, 74, F. 3d. 30 (2d Cir. 1996).

*Class Action Allegations*

35. Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    a.    Based on the fact that the collection letters at the heart of this litigation are mass-mailed form letters, the classes are so numerous that joinder of all members is impractical.

    b.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include whether Exhibit B violates the FDCPA.

    c.    The claims of Plaintiff are typical of the class members' claims. All are based on the same facts and legal theories. The only individual issue is the identification of the consumers who received the letter, (*i.e.*, the class members), which is a matter capable of ministerial determination from the Defendants' records.

    d.    Plaintiff will fairly and adequately represent the class members' interests. All claims are based on the same facts and legal theories and Plaintiff's interests are consistent with the interests of the class.

    e.    Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

36. A class action is superior for the fair and efficient adjudication of the class members' claims.

37. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k.

38. The class members are generally unsophisticated individuals unaware of the protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

39. Prosecution of separate actions by individual members of the classes would create

the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

40. If the facts are discovered to be appropriate, Plaintiff will seek to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

41. This Count is brought by Plaintiff, individually, and on behalf of a class consisting of all persons who, according to Defendants' records: (a) have mailing addresses within New York State; and (b) within one year before the filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to **Exhibit B** (d) which was not returned by the postal service as undelivered.

42. Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

## Count I

## Violations of the Fair Debt Collection Practices Act

43. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

44. By sending Exhibit B, Defendant violated numerous provisions of the FDCPA, including 15 USC 1692e,; 15 USC 1692e(5); 15 USC 1692e(10), and 15 USC 1692e (11).

**WHEREFORE,** Plaintiff asks that this Court enter judgment in his favor and in favor of the members of the Class, against Defendants, awarding damages as follows:

    (A)    Statutory damages as provided by § 1692k of the FDCPA;

    (B)    Attorneys' fees, litigation expenses and costs incurred in bringing this action;

    (C)    Declaratory relief declaring that Exhibit B violates the FDCPA; and

    (D)    Any other relief this Court deems appropriate and just.

### Jury Demand

Plaintiff demands trial by jury.

Dated: West Islip, New York
        January 31, 2012

RESPECTFULLY SUBMITTED,

_____

Joseph Mauro, Esq.
The Law Office of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795
(631) 669-0921

# EXHIBIT A

**Credit Control, LLC**
5757 Phantom Dr Ste 330 Hazelwood, MO 63042
800-287-1942
Hours of Operations: M-F 8:00-8:00, Sat 8:00-12:00

July 22, 2011

Christine Kinkade
850 Montauk Ave
Islip Terrace, NY 11752-1209

Current Creditor: EQUABLE ASCENT FINANCIAL LLC
Our Account Number: 6299657
Original Acct: ****-****-****-1274
Original Creditor: GE Money Bank
Balance Due: $4,383.38

## Important Notice – Settlement Offer

We understand this bill has been delinquent for quite a while, this matter will not go away on it's own but our client has given us the authority to make a very generous offer to you.

We have the authority to settle this account for 70% of the balance due. If you want to take advantage of this offer, please mail a check or provide your credit card information for the amount of $3,068.37. Upon clearance through the banking system of the settlement amount indicated above your account will be considered settled.

If you need to make multiple payments to settle this account, please call us at 800-287-1942 to discuss with one of our representatives.

You may also contact Brittany Brady directly at 877-474-0320 to discuss this matter further.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, Credit Control, LLC will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

This communication is from a debt collection agency. This is an attempt to collect a debt and any information obtained will be used for that purpose.

---

Additional consumer rights may be found on the back of this notice.

P.O. Box 1945
Southgate, MI 48195-0945

IF YOU WISH TO PAY BY VISA, MASTERCARD, OR AMERICAN EXPRESS FILL IN THE INFORMATION BELOW

| Card Number: |
| CVV Number: | Expiration Date: | Payment Amount: | Account Number: 6299657 |
| Card Holder Name: | | Signature of Cardholder: |
| Card Holder Billing Address: |

*For Visa/MasterCard, the three-digit CVV number is printed on the signature panel on the back of the card immediately after the card's account number. For American Express, the four-digit CVV number is printed on the front of the card above the card account number.

CCN/RPU00C1S   296025660378                891/0000498/5
6299657

Christine Kinkade
850 Montauk Ave
Islip Terrace, NY 11752-1209

1727

Credit Control, LLC
PO Box 248
Hazelwood, MO 63042

RPU00C1S

## Required State Notices

We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law.

### California:

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They must not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.
As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

### Colorado:

A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.coloradoattorneygeneral.gov/ca.
You may pay in person at 1776 S. Jackson #900 Denver, CO 80210. You can reach our in-state office at 303-753-0945.

### Massachusetts:

NOTICE OF IMPORTANT RIGHTS
YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTION AGENCY.

### Minnesota:

This Collection Agency is licensed by the Minnesota Department of Commerce.

### New York City:

Credit Control, LLC is licensed by the city of New York, Department of Consumer Affairs, License #: 1233281. You may also contact Brittany Brady directly at 877-474-0320 to discuss this matter further.

### North Carolina:

North Carolina Department of Insurance Permit Number for the Hazelwood, MO office of Credit Control, LLC: 103251
North Carolina Department of Insurance Permit Number for the Maplewood, MN office of Credit Control, LLC: 4256

### Tennessee:

This collection agency is licensed by the Tennessee Collection Service Board, State Department of Commerce and Insurance.

### Utah:

As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

# EXHIBIT B

## Privacy Notice

This notice is being forwarded to you in compliance with the requirements of the Gramm-Leach-Bliley Privacy Act, 15 U.S.C. sec. 6801 et seq. It has no reflection or bearing upon the status of your account.

### Information We May Collect

Equable Ascent Financial, LLC, together with its affiliated companies (collectively, the "Account Owners" or "We"), collects nonpublic personal information about you that is obtained from one or more of the following sources:

1. Information we received from companies that sold us your account (for example, applications and other related forms);
2. Information about your transactions with us, our affiliates, or others; and
3. Information we received from a consumer-reporting agency.

### Information We May Share With Nonaffiliated Companies

The Account Owners may share all of the information we collect about you, as described above, with nonaffiliated companies, as permitted by law. For example:

- We may share information about you with companies that we use to perform account-servicing functions to manage and maintain your account and to process transactions that you have authorized; and
- We may report information about you to consumer reporting agencies, government agencies in response to subpoenas, or others in connection with investigations.

### Confidentiality and Security of your Account

The Account Owners restrict access to nonpublic personal information about you to only those employees who need to know such information, and third party service providers who provide support services to us. We maintain physical, electronic and procedural safeguards to protect your personal information. If we use other companies to provide services for us, we require them to keep the information we share with them safe and secure and we do not allow them to use the information for any purpose other than the job they are hired to do.

### Additional Rights and Modifications

You may have other privacy protections under state or Federal laws including the Fair Debt Collection Practices Act. We may amend this Privacy Notice at anytime, and will inform you of changes as required by law.

Please be advised that your account is being serviced by *Credit Control, LLC*. Please direct all inquiries in regard to this notice to 5757 Phantom Drive Suite 330, Hazelwood, MO 62034 or call us toll free at 888-365-7135 between 8:00 a.m. Central Standard Time and 5:00 p.m. Central Standard Time Monday-Friday.

**Vermont Residents Only:** Following the law of your state, we will not disclose nonpublic personal financial information about you to nonaffiliated third parties (other than as permitted by law) unless you authorize us to make that disclosure. Your authorization must be in writing. If you wish to authorize us to disclose your nonpublic personal financial information to nonaffiliated third parties, you may write to us at 5757 Phantom Drive Suite 330, Hazelwood, MO 62034.