**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**Christine Kinkade individually and**
**on behalf of all others similarly situated**

                                 )

      **Plaintiff,**                   )

                                 )   **No.11-5283**

          v.                   )

                                 )   **(ADS)(AKT)**

                                 )

**Credit Control, LLC and**          )

**Equable Ascent Financial, LLC**    )

                                 )

      **Defendant.**              )

# Memorandum in Opposition to Defendant's Motion to Dismiss

**TABLE OF CONTENTS**

**TABLE OF CONTENTS**

**Introduction**…………….…………………………………………….….. 1

I.    Pleading Standard…………………………………………………….. 1

II.   **The FDCPA**……………………………………… ……………..2

    **A.  The FDCPA is Strict Liability Statute and Should Be
        Broadly Construed to Protect Consumers**…………………………..2

    **B.   The Least Sophisticated Consumer**…………………………………3

    **C.  The Court Should Determine the Legality of Collection Letter**……………4

III.  **Defendants' Privacy Notice is "In Connection With" an Attempt
     to Collect a Debt** ………………………………………….……………...4

IV.   **It Is Deceptive to Misinform Consumers about their Legal Rights** ……………9

V.    **The Defendants' Letters to the Plaintiff Misinforms the Plaintiff About the
     Parties' Legal Rights**…………………………………………………… 11

VI.   **Defendant Credit Control, LLC is Not Obligated to Send a Privacy
     Notice; and Defendants' Privacy Notice is Not Exempt from The FDCPA** …... 18

    **CONCLUSION**…………………………………………………….   22

## LIST OF CITATIONS

**Statutes**

15 USC 1692e ……………………………………………….………9,10,14,16,18,20,21

15 USC 1692g …………………………………………………….…18,19,20,21

15 USC 1692k ………………………………………….…………..……........ 3

15 USC 1692c………………………………………………………………...14,15

15 USC  1681b…………………………………………………………..7,14

 15 USC 1681(n)…………………………………………………………….7

15 USC 1692(q)…………………………………………………………..7


**Cases**

*Beauchamp v. Fin. Recovery Servs.*,
 2011 U.S. Dist. LEXIS 25512 (S.D.N.Y. Mar. 11, 2011) ………………………….. 17

*Blair v. Sherman Acquisition*,
2004 U.S. Dist. LEXIS 25106 (N.D. Ill. Dec. 9, 2004) ……………………………... 16

*Bentley v. Great Lakes Collection Bureau, Inc.*,
6 F. 3d 60 (2d. Cit 1993) ……………………………………………………….. 2,3,9

*Blair v. Sherman Acquisition*,
No. 04 Civ 4718, 2004 WL 2870080 at 2 (N.D. Ill. Dec.13, 2004) ……….……….... 2

*Chapman v. Worldwide Asset Mgmt., L.L.C.*,
 2005 U.S. Dist. LEXIS 41528, (N.D. Ill. Apr. 6, 2005) ………………………………16

*Clomon v. Jackson*,
988 F.2d 1314, 1318 (2d Cir. 1993)………………………………………………….. 3

*Federal Trade Com. v. Manager, Retail Credit Co.,*
*Miami Branch Office*,
515 F.2d 988 (D.C. Cir. 1975) …………………………………………………...15

*Foti v. NCO Financial Systems*,
424 F. Supp. 2d. 655 (SDNY 2006) ……………………………………………..…… 2

*Gburek v. Litton Loan Servicing LP*,
614 F.3d 380, 386 (7th Cir. Ill. 2010) …………………………………………….... 6

*Gionis v. Javitch, Block & Rathbone, LLP*,
238 Fed. Appx. 24, 28 (6th Cir. Ohio 2007) …………………………………….... 10, 19

*Gonzales v. Arrow Fin. Servs., LLC*,
660 F.3d 1055, 1063 (9th Cir. Cal. 2011) …………………………………………… 9

*Grden v. Leikin*,
 2010 U.S. Dist. LEXIS 3740 ( E.D. Mich. Jan. 19, 2010) …………………………. 5, 16

*Hernandez v. Midland Credit Mgmt.*,
2007 U.S. Dist. LEXIS 16054 (N.D. Ill. Mar. 6, 2007) ………………………………………..16

*Irish Lesbian & Gay Org. v.Guiliani*,
143 F. 3d 638, 644 (2d Cir. 1998)…………………………………………………….... 2

*Jacobson v. Healthcare Fin. Servs.*,
 516 F.3d 85, 96 (2d Cir. N.Y. 2008)…………………………………..…………….. 3

*Kinel v. Sherman Acquisition II LP*,
2006 U.S. Dist. LEXIS 97073, (S.D.N.Y. Feb. 28, 2006) …………………………... 21

*Larsen v. JBC Legal Group*,
533 F. Supp. 2d 290 (2008) …………………………………………………..……..… 2

*Leone v. Ashwood Fin., Inc.*,
257 F.R.D. 343,  (E.D.N.Y. 2009) ……………………………………………………4

*Mielke v.Bank of Am. Home Loans Servicing LP*,
2011 U.S. Dist. LEXIS 41617, 16-21 ( E.D. Mich. Apr. 18, 2011) …………………… 6

*Ruckelshaus v. Monsanto Co.*,
*467 U.S. 986, (1984)* …………………………………………………………… 21

*Russell v. Equifax ARS*,
74 F. 3d. 30, 33 (2nd Cir. 1997) …………………………………………..…………… 2,13

*Ruth v. Triumph P'ships*, 577
F.3d 790, 801-02 (7th Cir. 2009) ………………………………………………… 1, 5, 9, 16, 17

*Schwab v. Smalls*,
2011 U.S. App. LEXIS 15639, 3-4 (2d Cir. N.Y. July 27, 2011) ………………………. 1

*Stewart v. Asset Acceptance LLC*,
No. 04 CV 1213, 6-8 (S.D. Ind. Nov. 19, 2004) …………………………………….. 16

*Stabile v. United Recovery Systems, L.P.*,
 2011 WL 5578981 (E.D.N.Y. Nov. 16, 2011) …………………………………………  2

*United States v. Puntorieri*,
379 F. Supp. 332 (E.D.N.Y. 1974) …………………………………………………… 15

*Villari v. Performance Capital Mgmt.*,
1998 U.S. Dist. LEXIS 11128 (S.D.N.Y. July 21, 1998) …….……………………..... 3

*Watt v. GMAC Mortg. Corp.*,
457 F.3d 781, 783   (8th Cir. 2006) …………………………………………………... 20

## INTRODUCTION

Plaintiff has sued the Defendant debt collectors for misrepresenting Defendants' legal right to communicate with third parties about the Plaintiff. Defendant's misrepresentations were contained within a document the Defendant called a "Privacy Notice" which Defendants mailed to the Plaintiff along with a dunning letter.  The Privacy Notice informed the Plaintiff that Defendants were permitted to compile and distribute the Plaintiff's financial and credit information to third parties, when in fact federal law prohibits such. Defendant Credit Control, LLC was under no obligation, and had no legal right, to send the Plaintiff this Privacy Notice. The Fair Debt Collection Practices Act, 15 USC 1692et seq., and case law, *Ruth v. Triumph P'ships*, 577 F.3d 790, 801-02 (7th Cir. 2009), make clear that Defendants' Privacy Notice is illegal.

The Defendant has moved to dismiss the Plaintiff's Amended Complaint.

## I. Pleading Standard

The Defendant has moved to dismiss the Plaintiff's complaint pursuant to Rule 12(b)6. The question raised by the Defendant's motion is essentially whether the Plaintiff's amended complaint  gives the Defendant notice of a plausible cause of action.  In *Schwab v. Smalls*, 2011 U.S. App. LEXIS 15639, 3-4 (2d Cir. N.Y. July 27, 2011) the Second Circuit has recently stated:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff  pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Th[is] plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Nevertheless, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is

improbable, and that recovery is very remote and unlikely." Twombly, 550 U.S. at 556 (internal quotation marks omitted).

Under Rule 12b(6) motions, the Court accepts the factual allegations contained in the complaint as true, and draws all reasonable inferences in favor of the non-moving party. *Irish Lesbian & Gay Org. v.Guiliani*, 143 F. 3d 638, 644 (2d Cir. 1998)   The Defendant's denial of illegal conduct is of no import to the analysis. See *Stabile v. United Recovery Systems, L.P.*, 2011 WL 5578981 (E.D.N.Y. Nov. 16, 2011).

## II. The FDCPA

### A.  The FDCPA is Strict Liability Statute and Should be Broadly Construed to Protect Consumers

The Plaintiff's claims are all brought under the Fair Debt Collection Practices Act, 15 USC 1692 et seq. which regulates the manner in which debt collectors attempt to collect debts. The FDCPA is a strict liability statute. *Larsen v. JBC Legal Group*, 533 F. Supp. 2d  290 (2008) To establish a violation of the FDCPA, the intent of the Defendant is irrelevant. *Russell v. Equifax ARS*, 74 F. 3d. 30, 33 (2nd Cir. 1997).  The Plaintiff merely needs to show that the Defendant is a debt collector who was collecting a debt when the FDCPA violation occurred. Proof of only one violation is sufficient to support judgment for plaintiff. *Bentley v. Great Lakes Collection Bureau, Inc.*, 6 F. 3d 60 (2d. Cir 1993).

Because the FDCPA is a strict liability statute, there are no unimportant violations. *Id*. at 63.  Additionally, "(b)ecause it is designed to protect consumers, the FDCPA is, in general, liberally construed in favor of consumers to effect its purpose." *Blair v. Sherman Acquisition*, No. 04 Civ 4718, 2004 WL 2870080 at 2 (N.D. Ill. Dec.13, 2004) as quoted in *Foti v. NCO Financial Systems*, 424 F. Supp. 2d. 655 (SDNY 2006); *Villari v. Performance Capital Mgmt.*,

2

1998 U.S. Dist. LEXIS 11128, 5-6 (S.D.N.Y. July 21, 1998) ["The FDCPA is remedial in nature and should be liberally construed. *Pipiles v. Credit Bureau of Lockport, Inc*., 886 F.2d 22, 27 (2d Cir. 1989).  Proof of one violation is sufficient to support recovery under the statute. See 15 U.S.C. § 1692k; *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)"].  The damage provision of the FDCPA  provides for statutory damages, and it is clear that a Plaintiff need not have suffered damages in order to properly assert a claim. In *Jacobson v. Healthcare Fin. Servs*., 516 F.3d 85, 96 (2d Cir. N.Y. 2008).

## B. The Least Sophisticated Consumer

In determining whether a communication from a debt collector violated the FDCPA, Courts in the Second Circuit view the communication from the perspective of the "least sophisticated consumer." In, *Jacobson v. Healthcare Fin. Servs*., 516 F.3d 85, 90 (2d Cir. N.Y. 2008), the Court stated:

> In this Circuit, the question of whether a communication complies with the FDCPA is determined from the perspective of the "least sophisticated consumer." Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993). The purpose of the least-sophisticated-consumer standard, here as in other areas of consumer law, is to ensure that the statute protects the gullible as well as the shrewd. Id. at 1318

This least sophisticated consumer standard is used to interpret claims made under 15 USC 1692e. See: *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. Conn. 1993):

>  The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e (1988). We apply an objective test based on the understanding of the "least sophisticated consumer" in determining whether a collection letter violates section 1692e. *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). The sixteen subsections of section 1692e provide a nonexhaustive list of practices that fall within the statute's ban. These practices include "the threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. §

3

1692e(5) (emphasis added). A debt collection practice may violate the FDCPA even if it does not fall within any of the subsections, *Clomon*, 988 F.2d at 1318, and a single violation of section 1692e is sufficient to establish civil liability under the FDCPA, see 15 U.S.C. § 1692k.

## C.  The Court Should Determine the Legality of a Collection Letter

Because the law requires debt collection letters to be viewed from the perspective of the least sophisticated consumer, the Court may determine the legality of a letter as a matter of law.  In *Leone v. Ashwood Fin., Inc*., 257 F.R.D. 343, 347 (Judge Spatt, E.D.N.Y. 2009), the Court stated:

> The Second Circuit has indicated that because the least sophisticated consumer standard is objective, a determination of how the least sophisticated consumer would view language in a defendant's collection letter is a question of law. *Berger v. Surburban Credit Corp*., No. 04CV4006, 2006 U.S. Dist. LEXIS 62909, 2006 WL 2570915, at *3 (E.D.N.Y. Sept. 5, 2006) (citing *Schweizer v. Trans. Union Corp.*, 136 F.3d 233, 237-38 (2d Cir. 1998)). This remains true even where, as here, the plaintiff has past experience with the FDCPA.

## III.  Defendants' Privacy Notice is "In Connection With" an Attempt to Collect a Debt

Defendant Credit Control, LLC (on behalf of Defendant Equable) sent the Plaintiff two pieces of paper in the same envelope. (Exhibits A & B to Plaintiff's Complaint).  Exhibit A contains demands for payment of the alleged debt, and states "this is an attempt to collect a debt…".   Exhibit B is titled "Privacy Notice."   Exhibit B explains what the Defendants suggest are their rights to communicate with third parties about the Plaintiff. The parties have no relationship other than Defendants purported right to collect the alleged debt.  The Privacy Notice consistently references

4

Plaintiff's account, and informs Plaintiff that if she has any questions she has to call

Credit Control, LLC, the same company appearing on the letterhead of Exhibit A.

Plaintiff has sued under 15 USC 1592e which prohibits debt collectors from deceptive

conduct made "in connection with" an attempt to collect a debt. Defendant now alleges

that the Privacy Notice was not sent "in connection with" the alleged debt.

Notwithstanding Defendant's current assertions, the "Privacy Notice" is positively "in

connection with" the attempt to collect the debt as there is nothing else that it could be

connected with.  The parties have no other relationship.  Exhibit A demands payment of

the alleged debt, and is contained in the same envelope as the Privacy Notice. The two

pieces of paper are physically connected while in the envelope. It is hard to imagine how

the "least sophisticated consumer" could receive such an envelope and deem these two

pieces of paper as "unconnected."   The Court in  *Grden v. Leikin*, 2010 U.S. Dist. LEXIS

3740 ( E.D. Mich. Jan. 19, 2010) amply conveyed this point:

> To fall under the ambit of § 1692e, the act or communication must be connected
> to an attempt to collect the debt. In *Ruth*, this connection arose from the fact that
> the privacy notice was mailed in the same envelope as a collection letter, making
> it objectively impossible to distinguish from an attempt to collect on the debt. See
> also *Miller v. Midland Credit Mgmt., Inc*., 621 F. Supp. 2d 621, 631 (N.D. Ill.
> 2009) (stating, in identical circumstances: "Let us not be coy. A Privacy Notice
> that references the debt and is folded into the same envelope as a debt collection
> letter is a communication made 'in connection with the collection of a debt' for the
> purposes of 15 U.S.C. § 1692e.").

The seminal case on Privacy Notices and the FDCPA is *Ruth v. Triumph P'ships*, 577

F.3d 790, 801-02 (7th Cir. 2009).  The facts of *Ruth* are virtually identical to the instant

matter. The Court in *Ruth* conclusively ruled:

> Turning to the facts of this case, we believe that any reasonable trier of fact would
> conclude that the notice was sent in connection with an attempt to collect a debt.

The notice was sent in the same envelope as the collection letter, which the defendants admit was sent for debt-collection purposes. Both the notice and the letter refer to both defendants: Triumph Partnerships, the owner of the defaulted debt, and TAS, the company hired to try to collect it. The only relationship the defendants had with the plaintiffs arose out of Triumph Partnerships' ownership of the plaintiffs' defaulted debt. n3 In sum, the defendants would not have sent this combination of materials to the plaintiffs if they had not been attempting to collect a debt. *Ruth* 798-799.

Also See: *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 386 (7th Cir. Ill. 2010); and *Mielke v.Bank of Am. Home Loans Servicing LP*, 2011 U.S. Dist. LEXIS 41617, 16-21 ( E.D. Mich. Apr. 18, 2011).

The facts of *Ruth* are almost identical to the instant matter. The only difference is that the Privacy Notice in *Ruth* offered the consumer the ability to stop the Defendant from making the disclosures by "opting out." The Defendant in the instant matter didn't even offer that; the Privacy Notice in the instant matter essentially informed the Plaintiff that the Defendant could communicate the Plaintiff's financial information to third parties, and unless the debt was paid, there was nothing the Plaintiff could do to stop them (As noted in *Ruth* and further detailed in Sections IV and V, this is false and deceptive and in violation of the FDCPA). In any event, the Defendants' Privacy Notice is clearly in connection with the alleged debt. It is hard to imagine how any consumer, sophisticated or not, could receive two pieces of paper in the same envelope and deem then unconnected.

**Defendant's Attempts to Distinguish their Privacy Notice from *Ruth* Fail**

Plaintiff respectfully suggests that the Defendant's attempts to distinguish *Ruth* and it's progeny are not compelling.

The Defendant suggests that the opening sentence of their Privacy Notice somehow makes the Privacy Notice unconnected to the collection of the debt. The opening sentence states: ***"This notice is being forwarded to you in compliance with the requirements of the Gramm-Leach-Bliley Privacy Act, 15 U.S.C. sec 6801 et seq.  It has no reflection or bearing upon the status of your account."*** It is not clear how the Defendant suggests that this sentence even relates to the alleged violations. First, it is not clear what this sentence even means.  If the Privacy Notice has no reflection or bearing upon the Plaintiff's account, why then is it being sent to the Plaintiff?  The Plaintiff has no relationship with the Defendants other than regarding the account.  The Privacy Notice most certainly does relate to the Plaintiff's account.  If it didn't relate to the Defendant's attempt to collect the debt from the Plaintiff, then the Defendant would have no right (or interest) whatsoever to be compiling and/or distributing the Plaintiff's private financial information as indicated in the Privacy Notice.  For instance, the Privacy Notice specifically says that the Defendant has obtained information about the Plaintiff from a consumer-reporting agency.  Unless it was in connection with the Defendants' attempt to collect the alleged debt, the Defendants would be violating civil and criminal statutes by accessing the Plaintiff's credit report. [See, Fair Credit Reporting Act, 15 USC  1681b; 15 USC 1681(n); and 15 USC 1681(q)]

Second, Defendant suggests that by referencing the "Gramm-Leach-Bliley Privacy Act" in the first sentence, the least sophisticated consumer should be persuaded that the Privacy Notice is somehow unconnected to the debt collection letter.  But, of course, the least sophisticated consumer has no idea what the Gramm-Leach-Bliley

Privacy Act is, and certainly has no idea how the GLBA interplays with the FDCPA. It is respectfully submitted that most sophisticated attorneys would not know such. And in any event, this first sentence in no way negates <u>any</u> recipient's common sense conclusion that two pieces of paper mailed in the same envelope are related. The Defendant also suggests that the language under the section called "Additional Rights and Modifications" somehow prevents the least sophisticated consumer from concluding that the Privacy Notice was connected to the debt collection letter. This section states:

> *You may have other privacy protections under state or Federal Laws including the Fair Debt Collection Practices Act. We may amend this Privacy Notice at anytime, and will inform you of changes as required by law.*

This sentence does nothing to change the recipients reasonable conclusion that the Privacy Notice is connected to the collection letter she received in the same envelope. In fact it does just the opposite. By referencing the Fair Debt Collection Practices Act, the sentence informs the recipient that the letter is related to debt collection. Why else would the Fair Debt Collection Practices Act even be mentioned?

Finally, the Court should note that after explaining how Defendants are permitted to disclose **"all"** of the Plaintiff's personal financial information to **any** "non-affiliated" company, the "Privacy Notice" specifically invites the Plaintiff to call the debt collector Credit Control, LLC with any questions. As further discussed herein, Credit Control, LLC is not obligated by any law to send this Privacy Notice. Credit Control, LLC <u>voluntarily chose</u> to inform (misinform) the Plaintiff about what the Defendant legally can do with Plaintiff's financial information. And Defendant did such in the same communication in which it demanded payment of the alleged debt.

The Privacy Notice is clearly "in connection with" the attempt to collect the

alleged debt.  Credit Control, LLC is a debt collector who has no relationship with the

Plaintiff other than debt collection. They sent the Notice with a collection letter. The

Notice references the Plaintiff's account, references the Fair Debt Collection Practices

Act, references both Defendants, and invites the consumer to call the debt collector with

any questions.  Considering they have no other relationship, it is impossible to

reasonably suggest that this Privacy Notice is not connected to the Defendant's attempt to

collect the debt.

## IV. <u>It Is Deceptive to Misinform Consumers about<br>their Legal Rights</u>

It is deceptive for a debt collector to misinform a consumer about what the debt

collector is legally permitted to do.  After thoroughly analyzing facts virtually identical to

the instant matter, , the Seventh Circuit in *Ruth*, concluded:

> Thus, we conclude that the only reasonable conclusion an unsophisticated
> consumer could reach, upon receiving the collection letter and the notice, was
> that the defendants intended to share without permission the nonpublic information
> they had received by virtue of acquiring and collecting on the debts. As a matter
> of law, therefore, the notice constitutes "a threat to take . . . action that cannot
> legally be taken," 15 U.S.C. § 1692e(5), and a "false representation or deceptive
> means to collect or attempt to collect a[] debt," id. § 1692e(10).    Id at 802.

The Ninth Circuit recently addressed a debt collection letter that falsely implied

that a debt collector had the legal right to report negative credit information about the

consumer to a credit bureau. See, *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055,

1063 (9th Cir. Cal. 2011).  Citing to the 7th Circuit's decision in *Ruth*, as well as *Bentley*

*v. Great Lakes Collection Bureau*, 6 F.3d 60, 61-63 (2d Cir. 1993) , the 9th Circuit in

*Gonzales*, confirmed that it is a violation of 15 USC 1692e to misstate the law in a

collection letter.  The Court stated:

9

To the least sophisticated debtor, the phrase "if we  are reporting the account, the appropriate credit bureaus will be notified  that this account has been settled" suggests two possibilities. It suggests the possibility that Arrow was not reporting the debt to a credit reporting agency, and would accordingly make no further report in the event of settlement. But the phrase also suggests that, under some set of circumstances applicable to the recipient, Arrow could and would report the account. **FN5**  Absent any possibility that Arrow *could* report the accounts, there would be no reason for Arrow to assert its intention to make a positive report in the event of payment. Only the first reading is actually correct, but the second reading is far from "bizarre" or "idiosyncratic"—it is eminently reasonable. As there is no circumstance under which Arrow could legally report an obsolete debt to a credit bureau, the implication that Arrow could make a positive report in the event of payment is misleading.

**FN 5**.  Cf. Ruth v. Triumph P'ships, 577 F.3d 790, 801-02 (7th Cir. 2009) v. Triumph P'ships, 577 F.3d 790, 801-02 (7th Cir. 2009) (holding that a notice claiming a right to collect and/or share information about the debtor "to the extent permitted by law" was misleading because there are no circumstances under which the law actually permits dissemination of a debtor's information); Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 61-63 (2d Cir. 1993) (holding that letters stating "were our client to retain legal counsel in your area, and it was determined that suit should be filed against you, it could result in a judgment" conveys the erroneous impression that the debt collector had the authority to decide to institute legal action).  *Gonzales* at 1063.

The Sixth Circuit has also confirmed that it is a violation of 15 USC 1692e to misinform a consumer about the consumers' legal rights. In *Gionis v. Javitch, Block & Rathbone, LLP*, 238 Fed. Appx. 24, 28 (6th Cir. Ohio 2007), the Court ruled that it was a violation of 15 USC 1692e to falsely inform a consumer that the debt collector was permitted to attorney's fees under "applicable law."  The Court in *Gionis* stated:

Since Javitch sued in Ohio and the Affidavit leaves the "applicable law" undefined, the least sophisticated consumer (who is both "naive" and "below-average sophistication," *see id.* at 1319) would, without question, conclude the "applicable law" to be Ohio law. (It does not matter that a more sophisticated consumer would have discovered that the "applicable law" is actually "federal law, and laws of Arizona" under the credit card agreement. (JA 167.)) And the phrase "to *the* extent permitted" suggests (at least to the least sophisticated consumer) that *some* extent is in fact permitted under Ohio law. "Why else," the consumer would wonder, "would Javitch attach this language to the complaint if Ohio law does *not* permit attorney fees here?"  *Gionis* at 28.

10

The Court then concluded:

> Accordingly, we conclude that Javitch made a "threat to take an[] action that cannot legally be taken," in violation of § 1692e(5), which also amounted to "false representation or deceptive means to collect or attempt to collect a[] debt[,]" in violation of § 1692e(10).   *Gionis* at 30.

It appears beyond argument that misinforming a consumer about Defendant's legal rights, is false and deceptive and a violation of 15 USC 1692e, particularly when that misinformation is accompanied with a demand to pay the alleged debt. The combination of the demand letter and the deceptive Privacy Notice amount to a threat to engage in illegal conduct unless the debt is paid.

## V. <u>The Defendants' Letters to the Plaintiff Misinforms the Plaintiff About the Parties' Legal Rights</u>

In one envelope, the Defendants sent Plaintiff a debt collection letter and a Privacy Notice.  The Privacy Notice, falsely informed the Plaintiff about the Defendants' right to communicate with third parties about the Plaintiff's account.  The Privacy Notice contains scores of misrepresentations regarding the Defendants' right to communicate with third parties.  These misrepresentations as detailed below constitute violations of 15 USC 1692e; and 15 USC 1692e(10) in that they are false, deceptive and misleading representations made in connection with the attempt to collect a debt.  Additionally, the representations would also be viewed by the least sophisticated consumer as a threat by the Defendants to disclose this information to third parties. As such, the Defendants have also violated 15 USC 1692e(5).

Defendant's Privacy Notice begins with a section called **"Information We May**

**Collect."**  In this section the Defendants list the type of information they collect and the sources of such information.  The Privacy Notice lists three categories under this section:

> *1.  Information we received from companies that sold us your account (for example, applications and other related forms);*
> *2. Information about your transactions with us, our affiliates, or others; and*
> *3. Information we received from a consumer-reporting agency.*

These three categories taken together indicate to the consumer that the Defendants have compiled an enormous amount of personal financial information about the Plaintiff. The Notice indicates that the Defendants have all of the information that the Plaintiff put on her original application for credit, which would normally include the Plaintiff's income, assets, social security number, date of birth.

**"Information about your transactions with us, our affiliates and others"** indicates that the Defendants have compiled the Plaintiff's history of credit card charges and payments made not only just to the Defendants, but with "others."   Defendant does not further define "others" so the consumer is left to think the worst.  A reasonable reading of this indicates that the Defendants have compiled a complete history of the Plaintiff's transactions with all of the Plaintiff's creditors.  This would obviously include Plaintiff's bank account information, which would have been used to make such payments, as well as a history of anything the Plaintiff purchased using any credit card.

**"Information we received from a consumer reporting agency"** indicates that that the debt collector has pulled the Plaintiff's credit report, and has compiled the information contained on said credit report.  Credit reports typically include information related to the Plaintiff's address, social security number, date of birth, all credit card accounts (including the account numbers); medical bills; assets; and places of

employment.

After informing the Plaintiff about all of the information it has compiled about the Plaintiff, the Privacy Notice goes on to inform the Plaintiff that the Defendants may share **"all"** of this information with "non-affiliated companies." Specifically, the letter states:

> **The Account Owners may share all of the information we collect about you, as described above, with non-affiliated companies, as permitted by law.**

The Defendant's letters describe "affiliated companies" as the "account owners" and then refers to "non-affiliated companies" to mean essentially any company other than the "account owners." (which would necessarily include the consumer's employer) The Defendant does not limit in any way the "non-affiliated" companies with whom they are permitted to share this information. So, again the least sophisticated consumer is left to think the worst. Defendant suggests that by providing examples of things that they do, that this somehow negates their general statement that they can provide all of the Plaintiff's information to any non-affiliated company. Defendant also suggests that the least sophisticated consumer should somehow know what is "permitted by law"; the least sophisticated consumer, Defendant argues, should know which "non-affiliated" companies the FDCPA permits the debt collector to communicate with, and which non-affiliated company the debt collector is permitted to send "all" of Plaintiff's financial and credit information. Defendant should not be permitted to shield themselves with the very ambiguity they created. See, *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. N.Y. 1996):

> As the Supreme Court has held in the general context of consumer protection -- of which the Fair Debt Collection Practices Act is a part -- "it does not seem 'unfair

to require that one who deliberately goes perilously close to an area of proscribed conduct shall [**12]  take the risk that he may cross the line.'" FTC v. Colgate-Palmolive Co., 380 U.S. 374, 393, 13 L. Ed. 2d 904, 85 S. Ct. 1035 (1965) (quoting Boyce Motor Lines, Inc. v. United States, 342 U.S. 337, 340, 96 L. Ed. 367, 72 S. Ct. 329 (1952)).…

In addition, a collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. See Clomon, 988 F.2d at 1319. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act. See Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989). Because the initial collection notice in the instant case was reasonably susceptible [**14]  to an inaccurate reading, it was also deceptive within the meaning of the Act.


The Privacy Notice thus states that the Defendants have compiled this enormous amount of financial and personal information about the Plaintiff and it may share this information with any company it chooses. According to the Defendant's Notice, the Defendant can share "all" of the Plaintiff's application information (assets, income, social security etc.); transaction history; all information on Plaintiff's credit report (account balance, payment history) with any non-affiliated company, which means any company. It is illegal for Defendants to do this. Pursuant to the FDCPA, 15 USC 1692c(b), debt collectors are specifically prohibited from communicating with third parties about the Plaintiff at all.  Defendants are certainly not permitted to inform third parties about the status of the Plaintiff's account.  Falsely informing the Plaintiff that they are permitted to communicate with any company they choose about the Plaintiff is false and deceptive and in violation of 15 USC 1692e and 15 USC 1692e(10).  See Ruth at 802.

The notice then goes on to give Plaintiff specific examples of things that the Defendants may do with the information they compiled about the Plaintiff, virtually all of which are illegal.  It should be noted that Defendants provide this list as mere

14

"examples".  The examples do not limit the Defendants' earlier indications that they may

share **"all"** of the Plaintiff's information with **any** non-affiliated company.  In any event,

some of the specific "examples" the Defendants provide would themselves constitute

illegal communications under the FDCPA.  For instance, Defendant informs the Plaintiff

that they may report information about the Plaintiff to **"others in connection with**

**investigations."**  What "others"?  And what "investigations?"   This example read

in conjunction with the entire Privacy Notice (and the attached collection letter) indicates

to the least sophisticated consumer that Defendants may report the plethora of financial

information it has compiled about the Plaintiff  to "others" in the course of Defendants'

"investigation" of the Plaintiff.   Again, this is specifically prohibited under the FDCPA.

The Notice also says Defendant can share "all" of Plaintiff's information with

companies to help process transactions that Plaintiff has authorized. A reasonable reading

of this means that the Defendant can give "all" of the Plaintiff's information (credit

reports, application material) to the Plaintiff's bank (or the Defendant's bank) to "process

transactions" and "maintain" Plaintiff's account. This would also clearly be in violation

of the FDCPA, 15 USC 1692c(b).  Additionally,  one of the pieces of information the

Defendants suggest they have is the Plaintiff's credit report. Obtaining or using Plaintiff's

credit report in the manner suggested would also violate the Fair Credit Reporting

Act, 15 USC 1681b(f), which prohibits anyone from obtaining or using a consumer credit

report except in very limited circumstances.  Defendant is certainly not permitted to

disclose Plaintiff's credit reports to the undefined "others" as Defendant indicates.  Nor is

the Defendant permitted (with limited exceptions) to disclose the Plaintiff's credit report

to "government agencies in response to subpoenas." The FCRA specifically limits even

the government's authority to subpoena such information, specifically requiring a court

order.  See, 15 USC 1692b(a), and 1692f; and *United States v. Puntorieri*, 379 F. Supp.

332 (E.D.N.Y. 1974);  *Federal Trade Com. v. Manager, Retail Credit Co., Miami Branch*

*Office*, 515 F.2d 988 (D.C. Cir. 1975).

   The Defendant argues that these disclosures would be legal because they would

not be in connection with the collection of a debt. But this argument makes no sense.

Again as noted earlier, the parties have no other relationship. The only reason the

Defendant would have to compile and distribute this mass of information about the

Plaintiff would be related to the collection of the alleged debt.  Without their debt

collection relationship, Defendant would be violating several different laws, by engaging

in the threatened behavior.

   Defendants' threatened disclosures are clearly prohibited by the FDCPA, 15

USC 1692c(b), and the Fair Credit Reporting Act, 15 USC 1681b. And for Defendant to

indicate that they have the legal right to make such disclosures is clearly in violation for

15 USC 1692e and 15 USC 1692e(10).  *Ruth v. Triumph P'ships*, 577 F.3d 790 (7th Cir.

2009); *Grden v. Leikin*, 2010 U.S. Dist. LEXIS 3740 ( E.D. Mich. Jan. 19, 2010);

*Hernandez v. Midland Credit Mgmt*., 2007 U.S. Dist. LEXIS 16054 (N.D. Ill. Mar. 6,

2007); *Chapman v. Worldwide Asset Mgmt., L.L.C*., 2005 U.S. Dist. LEXIS 41528, 10-11

(N.D. Ill. Apr. 6, 2005); *Blair v. Sherman Acquisition*, 2004 U.S. Dist. LEXIS 25106

(N.D. Ill. Dec. 9, 2004) and *Stewart v. Asset Acceptance LLC*, No. 04 CV 1213, 6-8 (S.D.

Ind. Nov. 19, 2004).   Further, the implication that the defendant may disclose the

information, when in fact it is legally prohibited from doing so, is a violation of 15 USC

1692e(5) in that it constitutes a threat to make the prohibited disclosures, particularly

16

when coupled with a demand for payment.  The Seventh Circuit in *Ruth* summarized this

as follows:

> The defendants argue that the notice does not falsely claim a right to share the
> plaintiffs' nonpublic information because it states that the defendants will do so
> only "to the extent permitted by law." Appellees' Br. 20. To threaten to take some
> action "to the extent permitted by law," however, is to imply that, under some set
> of circumstances and to some extent, the law actually permits that action to be
> taken. Here, the defendants have suggested no set of circumstances under which
> the FDCPA would have permitted disclosure of the plaintiffs' nonpublic
> information without their consent. If anything, the notice's implication to the
> contrary makes the statement more misleading, not less. See Gionis v. Javitch,
> Block & Rathbone, LLP, 238 Fed. App'x 24, 27-29 (6th Cir. 2007) (unpublished
> disposition) (holding that the defendant's representation that it could collect
> attorney's fees "to the extent permitted by applicable law" violated the FDCPA
> because the applicable state law did not permit collection of such fees).

> Thus, we conclude that the only reasonable conclusion an unsophisticated
> consumer could reach, upon receiving the collection letter and the notice, was that
> the defendants intended to share without permission the nonpublic information
> they had received by virtue of acquiring and collecting on the debts. As a matter
> of law, therefore, the notice constitutes "a threat to take . . . action that cannot
> legally be taken," 15 U.S.C. § 1692e(5), and a "false representation or deceptive
> means to collect or attempt to collect a debt," id. § 1692e(10).  *Ruth*, 801-802.

The Defendant herein also argues that the Defendant should not be held liable

because their notice informed the Plaintiff that they would only disclose information "as

permitted by law." As noted above in *Ruth*, however, this language does nothing to

clarify things. It in fact makes things worse. Also see:  *Gonzales v. Arrow Fin. Servs.,*

*LLC*, 660 F.3d 1055, 1063 (9th Cir. Cal. 2011); *and  Gionis v. Javitch, Block &*

*Rathbone, LLP*, 238 Fed. App'x 24, 27-29 (6th Cir. 2007)  Additionally Defendant cannot

escape liability by pointing to their use of the conditional word "may." (*"The account*

*owners may share all of the information…"*).  Courts have dismissed this argument. See

e.g. *Beauchamp v. Fin. Recovery Servs.*, 2011 U.S. Dist. LEXIS 25512, 13-14 (S.D.N.Y.

Mar. 11, 2011):

17

Accepting Beauchamp's allegations as true, the Letter constitutes a threat to take an action that FRS did not intend to take in violation of the FDCPA. The Letter's conditional language — *i.e.*, that certain amounts "may" be added — does not counteract its potentially threatening appearance to the least sophisticated consumer. FN 45

FN45 See, e.g., *Fainbrun v. Southwest Credit Systems, L.P.*, 246 F.R.D. 128, 129-32 (E.DN.Y. 2007) (finding debt collector's statement that "[l]ate payments, missed payments, or other defaults *may* be reflected on your credit report" to be a false threat where it was not debt collector's practice to report any late or missed payments or other defaults to credit agencies) (emphasis added).

Finally, it should be noted that Plaintiff has also alleged that Defendants violated 15 USC 1692e(11).   The Defendant argues that the Privacy Notice should be considered as separate and distinct from the collection letter that accompanied it in the envelope.  As noted herein, Plaintiff disagrees with that assertion. However, if Defendant's argument was in fact accurate, then the Privacy Letter is in violation of 15 USC 1692e(11) in that it fails to indicate in any manner that it is coming from a debt collector. Both Credit Control, LLC and Equable Ascent Financial are debt collectors, and are obligated in every communication with a consumer to state such pursuant to 15 USC 1692e(11).   The FDCPA does not provide any exemption under 15 USC 1692e(11) for such "Privacy Letters."   The Privacy Notice is thus in violation of 15 USC 1692e(11).

## VI. <u>Defendant Credit Control, LLC is Not Obligated to Send a Privacy Notice; and Defendants' Privacy Notice is Not Exempt from the FDCPA</u>

The Defendant, Credit Control LLC also argues that "Privacy Notices" are excluded from coverage under the FDCPA. This is simply not true.   The Defendant points to 15 USC1692g(e) and suggests that this authorized Credit Control, LLC to send

this notice.

Plaintiff first notes that the GLBA <u>does not require Credit Control, LLC</u> to send this notice, they did so voluntarily.  In their memorandum of law, Credit Control, LLC states that under the GLBA "financial institutions" like Equitable Ascent Financial, LLC (EAF) are obligated to send a Privacy Notice. EAF is a debt buyer who has purchased and now owns the alleged debt.  Credit Control, LLC is a debt collector with no ownership interest in the debt.   Defense counsel is careful in their motion to avoid outright stating that <u>Credit Control, LLC</u> is obligated under GLBA to send the Privacy Notice, even though their argument depends on that being the case.  Defendant's memo of law  states:

> *The GLBA is a federal statute that imposes obligations on "financial institutions"* ***(such as EAF)*** *regarding disclosures of a customer's non-public person information.*  (emphasis added)

Plaintiff's counsel is not aware of any case or regulation that requires debt collectors such as <u>Credit Control, LLC</u> to send Privacy Notices pursuant to the GLBA.  Nor has Defendant pointed to any authority suggesting that Credit Control, LLC is one of the "financial institutions" covered under the GLBA.

In any event, Defendant's argument regarding 15 USC 1692g(e) is disingenuous at best. No reasonable reading of 15 USC 1692g(e) could lead to the conclusion that Congress intended to permit debt collectors to be deceptive and abusive when sending a Privacy Notice.  In fact, 15 USC 1692g(e) does just the opposite. By including this very specific and limited exemption to 15 USC 1692g, Congress made clear that GLBA Privacy Notices must otherwise comport with the FDCPA.  The "exemption" of 15 USC

1692g(e) merely states that if a company that is subject to the strictures of the GLBA sends a Privacy Notice, that Notice shall not be deemed to be an "initial communication" under 15 USC 1692g.  This is all 1692g(e) says.  This provision does not regulate the *content* of the privacy notice in any manner, and it is beyond cavil that this provision does not somehow immunize debt collectors for including abusive and deceptive information in a Privacy Notice.  If Congress wanted to immunize Privacy Notices in that manner they certainly would have said so.  Instead Congress clearly carved out a very specific and limited exemption, thereby reaffirming that Privacy Notices are still subject to the rest of FDCPA  *See Watt v. GMAC Mortg. Corp.*, 457 F.3d 781, 783   (8th Cir. 2006) ("A standard axiom of statutory interpretation is *expressio unius est exclusion alterius*, or the expression of one thing excludes others not expressed.").  The Plaintiff's complaint herein does not claim that the Privacy Notice of itself is an illegal "initial communication."  The Plaintiff alleges that the content of the Privacy Notice, is deceptive under 15 USC 1692e.  The limited exemption of 15 USC 1692g(e)  is completely irrelevant.  Defendant is essentially arguing that debt collectors can put anything they want into a Privacy Notice, regardless of how abusive or deceptive. This is clearly not what the statute says. Furthermore, 15 USC 1692g(e) itself contains a further limitation. The opening clause of 15 USC 1692g(e) clarifies that in order to obtain the limited exemption and not be deemed an initial communication, the Privacy Notice must "not relate to the collection of the debt."    As detailed further herein, the Privacy Notice and collection letter were sent together in the same envelope, consistently referenced the Plaintiff's account, referenced both Defendants, and suggested that the Plaintiff should call the debt collector with any questions.  This communication clearly related to the

collection of a debt. Regardless however, 15 USC 1692g(e) does not somehow nullify 15 USC 1692e.

Lastly, the defendant fleetingly states that Plaintiff's claims *"must be dismissed pursuant to 1692g(c). To hold otherwise would be to put the FDCPA and the GLBA in direct conflict with one another."* This is simply not accurate. The Plaintiff is suing under the FDCPA because the Defendant falsely informed Plaintiff that Defendant was permitted to communicate with third parties. The GLBA does not in any manner affirmatively authorize debt collectors to communicate with third parties. The GLBA merely obligates certain financial institutions to provide consumers with notice of their privacy policy. It does not mandate what that policy be.  Debt collectors who are subject to both the FDCPA and the GLBA can easily comply with both statutes by not indicating in a Privacy Notice that they are permitted to communicate with third parties.  For instance, in *Kinel v. Sherman Acquisition II LP*, 2006 U.S. Dist. LEXIS 97073, 39-40 (S.D.N.Y. Feb. 28, 2006), the debt collector sent the consumer a Privacy Notice that specifically stated that Defendant's policy was **not** to share any of the consumer's information with third parties. The Court in *Kinel* deemed that notice as FDCPA compliant.  Defendant herein was not obligated by the GLBA to falsely inform Plaintiff that they were permitted to communicate with third parties.  The Defendant chose to say that, and the Defendant chose to couple that misinformation with a demand for payment of the alleged debt.  The FDCPA and GLBA easily co-exist, and as such, Courts must treat both statutes as effective. *Ruckelshaus v. Monsanto Co., 467 U.S. 986, 1018, 104 S. Ct. 2862, 81 L. Ed. 2d 815 (1984).*  Companies that are subject to both statutes must comply with both. The Defendants' Privacy Notice not only violates the

Plaintiff's rights, but it also competitively disadvantages other debt collectors who comply with the law (such as the Defendant in *Kinel*).  See, 15 USC 1692(e). (Congressional purpose of the FDCPA)

## CONCLUSION

Credit Control, LLC voluntarily sent the Plaintiff a collection letter coupled with a Privacy Notice. The parties have no relationship other than their debt collection relationship.  The Privacy Notice contains objectively false statements about the Defendant's rights to communicate with third parties about the Plaintiff.  The Defendants' communications are false and deceptive and in violation of various provisions of the FDCPA.

Dated: March 14, 2012
      West Islip, NY

JOSEPH MAURO
Joseph Mauro
The Law Office of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795